UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN LOVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01725-TWP-MG |
| | ) |
| STATE BANK, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiff's Motion to Quash Non-Party Subpoenas, [Filing No. 29], and Motion to Strike Defendant's Response, [Filing No. 34]. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Quash [29], **DENIES** Plaintiff's Motion to Strike [34], and **GRANTS** Defendant's Motion for Leave to File a Response [36].

**I.**
**BACKGROUND**

Defendant hired Plaintiff as its Controller in 2022. Plaintiff alleges that she did not receive adequate training for the position. Plaintiff also alleges that a Caucasian woman hired for a subordinate position received significantly more training than she did, attributing this difference in training to her race. Plaintiff claims that she informed a supervisor that she felt she was being discriminated against, and Defendant terminated her as retaliation for this complaint.

In September 2023, Plaintiff brought this employment discrimination action, alleging Defendant State Bank engaged in race discrimination and retaliation. The parties are engaged in the discovery process with non-expert witness and liability discovery to have been completed by October 11, 2024. Expert witness discovery and discovery related to damages is set to be completed by March 11, 2025. [Filing No. 15 at 6].

On September 26, 2024, defense counsel emailed Plaintiff's counsel a non-party subpoena for Plaintiff's current employer, Paramount Schools. The subpoena requests: (1) job applications, resumes, cover letters, or other documents submitted by Love to Paramount Schools relating to Love seeking employment with Paramount Schools; (2) Love's personnel file, including performance reviews, evaluations, disciplinary records, warnings, performance improvement plans, and records relating to any demotion, promotion, or transfer; (3) offer letters or other documents relating to any job offer by Paramount Schools to Love; (4) notes, records or other documents relating to job interviews of Love; (5) communications between Love and Paramount Schools relating to Love's employment; (6) job descriptions for positions held by Love at Paramount Schools and any documents provided to Love by Paramount Schools relating to her job duties and responsibilities; and (7) complaints made by Love during her employment with Paramount Schools, including any complaints of race discrimination or retaliation. [Filing No. 29-1 at 6.]

On October 2, 2024, Plaintiff's counsel informed Defense counsel, *via* email, that Plaintiff objected to the subpoena. On October 3, 2024, Plaintiff filed the instant motion to quash. On October 24, 2024, Defendant filed a response to the motion. Plaintiff did not file a reply but filed a motion to strike Defendant's response for untimeliness. [Filing No. 34.] Defendant filed: (1) a motion for leave to file a response to the motion to quash; and (2) a response to the motion to strike. [Filing No. 36; Filing No. 37.]

## II.
### MOTION TO STRIKE & MOTION FOR LEAVE TO FILE RESPONSE

As an initial matter, Plaintiff filed her motion on October 3, 2024. Defendant filed its response on October 24, 2024. Local Rule 7-1(c)(3)(A), which applies to motion practice for

motions on discovery matters, states: "[a]ny response is due within 14 days after services of the motion." Accordingly, Defendant's response was due on or before October 17, 2024.

Because Defendant filed its response on October 24, 2024, Plaintiff moves the Court to strike Defendant's response as untimely. Plaintiff argues Defendant's response should be stricken because it failed to comply with the local rules. [Filing No. 34.] Defendant responds that the delay was due to a calendaring mistake that remained undetected until the motion to strike, so it was the result of excusable neglect. [Filing No. 37.] Because a ruling on Defendant's motion for leave will moot Plaintiff's motion to strike, the Court addresses them together.

Federal Rule of Civil Procedure 6(b)(1)(B) provides "the court may, for good cause, extend the time [to act] on [a] motion made after the time has expired if the party failed to act because of excusable neglect." "In determining whether a missed deadline should be excused, a court considers 'all relevant circumstances surrounding the party's neglect.'" *Miller v. Chicago Transit Authority*, 20 F.4th 1148, 1153 (7th Cir. 2021). Relevant circumstances include: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

In the instant case, most of these circumstances are in Defendant's favor. There is little prejudice to Plaintiff because the subpoena has not been served. Defendant missed the deadline to file a response to a discovery motion by one week. This is a short delay, and one that will not have a strong impact on judicial proceedings. Defendant claims the reason for the delay was that the deadline was "mistakenly miscalendared." [Filing No. 36 at 180.] This is within Defendant's reasonable control, but this is a good faith reason for delay. The Court does, however, direct Defendant to pay closer attention to the relevant Local Rules when filing documents with the

Court. The untimeliness of this motion should have been apparent at the time the response was filed, and judicial resources could have been saved. Ultimately, the Court **DENIES** Plaintiff's motion to strike Defendant's response, [34], and **GRANTS** Defendant's Motion for Leave, [36].

## III.
### MOTION TO QUASH

### A. Legal Standard

Federal Rule of Civil Procedure 45 addresses the use of subpoenas in the discovery process. Rule 45(d)(3) provides different standards for quashing a subpoena. The first standard requires the Court to quash or modify a subpoena that: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). The second standard permits the Court to quash or modify a subpoena if it: (1) discloses a trade secret or other confidential research, development, or commercial information; or (2) discloses an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B). Furthermore, the party that opposes discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002) (citing *Wauchop v. Domino's Pizza Inc.*, 138 F.R.D. 539, 543 (N.D. Ind. 1991)).

Federal Rule of Civil Procedure 26(b) describes the limits to the scope of discovery. It provides that parties may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### B. Discussion

Plaintiff argues that the subpoena should be quashed because she has a privacy right in her employment records from her current employer, which gives her standing to object to the subpoena. [Filing No. 29 at 3.] She also argues: (1) Defendant should have requested the documents from her directly; (2) the subpoena is overbroad; (3) the subpoena will jeopardize her employment; and (4) the information is not relevant to the case. [Filing No. 29 at 4–5.]

Defendant responds that Plaintiff's motion is improper because the parties did not confer prior to the motion. [Filing No. 33 at 4.] Defendant also argues that the motion seeks "clearly discoverable information related to Plaintiff's damages and [] credibility." [Filing No. 33 at 5.] Furthermore, Defendant argues that it is not enough for Plaintiff to argue that the proposed subpoena will jeopardize her employment. [Filing No. 33 at 9.]

### 1. Procedural Argument

Parties are expected to, first, "confer in a good faith attempt to resolve [a discovery] dispute," then, if unsuccessful, "contact the chambers of the assigned Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute." Local Rule 37-1. If the parties still are unable to resolve the dispute, "a party may file a . . . motion raising the dispute." *Id.* Ordinarily, failure to comply with this process may constitute grounds for summary denial of the motion. *See Castelino v. Rose-Hulman Institute of Technology*, 2018 WL 4519397, at *1, n.1 (S.D. Ind. March 28, 2018). However, in this case, an attempt at informal resolution likely would have been futile, based on the parties' positions and recent discovery history. Therefore, the Court will address the motion on the merits.

2. **Standing**

As an initial matter, Plaintiff argues that she has standing to challenge the subpoena. Defendant does not dispute this. Therefore, the Court finds that Plaintiff has standing to challenge the non-party subpoena.

3. **Scope of Subpoena**

Plaintiff contends that the subpoena is overbroad, needlessly intrusive, and irrelevant. Defendant argues the subpoena is relevant to Plaintiff's damages and credibility. The Court agrees that some of the discovery is relevant but finds that the subpoena is needlessly intrusive.

Federal Rule of Civil Procedure 26(b)(1) allows for discovery that is relevant and proportionate. The Court has delineated between seeking information from a party's previous employer as opposed to his or her current employer. *See Graham v. Casey's General Stores*, 206 F.R.D. 251, 225, 257 (S.D. Ind. 2002) (recognizing "a discovery request could be a tool for harassment and result in difficulties [for a party] in her new job"). Accordingly, "where the third-party subpoenaed is a party's current employer, the Court should look to the availability of 'lesser intrusive means' of obtaining relevant information in its proportionality analysis." *United States ex rel. Robinson v. Indiana University Health Inc.*, No. 1:13-cv-02009-TWP-MJD, 2016 WL 10570221, at *2 (S.D. Ind. Aug. 29, 2016)

Defendant argues that Plaintiff's job application, disciplinary records, and records related to Plaintiff's promotion, demotion, and hiring are relevant to her damages and efforts to mitigate those damages. It relies on *Bell v. Arbaugh* to support this argument. No. 1:19-cv-01171-TWP-MJD, 2020 WL 8996809 (S.D. Ind. March 23, 2020). Defendant ignores or misunderstands the fundamental difference between serving a subpoena on a party's *current* employer and previous employers. In *Bell*, Defendant's wanted to serve a subpoena duces tecum, seeking the plaintiff's

application, disciplinary records, and records related to her termination. *Id.* at *1. The Court described the request as a "narrowly-tailored [request] to seek information regarding [p]laintiff's application, performance, hiring, and end of employment with Ascension, which could lead to the discovery of admissible evidence regarding Defendant's mitigation defense." *Id.* at *2. The Court cannot say the same here.

Defendant also argues that it must seek the information from Plaintiff's employer directly, because Plaintiff has misled Defendant before. This is not persuasive. Defendant has provided no independent evidence that Plaintiff has misled Defendant as it relates to the information being sought or that the request is not being used "to embarrass and harass her." Furthermore, Defendant does not indicate that it asked Plaintiff for any of the information sought from her current employer prior to this subpoena. Defendant could have asked Plaintiff to provide the application materials submitted to Paramount, along with offer letters, and her job description. It also could have asked, at Plaintiff's deposition, if she has ever, including in her current position, submitted complaints to an employer. These options would allow Plaintiff to retain her relationship with her current employer and provide Defendant with the information that it is seeking, before seeking the information from Plaintiff's current employer. Therefore, the Court **GRANTS** Plaintiff's motion to quash the subpoena.

### IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Quash [29], **DENIES** Plaintiff's Motion to Strike [34], and **GRANTS** Defendant's Motion for Leave to File a Response [36].

Date: 11/12/2024

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all Counsel of Record.**